effect of circumstantial evidence were given with such clarity and accuracy that any possible confusion in regard to the requests to charge could not have resulted in prejudice to the defendants. In regard to the issue of flight, it appears that the court clearly left the fact issue to the jury and the court's remarks as to inferences which could be drawn from flight were, therefore, not prejudicial. In view of the fact that there was ample evidence of a conspiracy and the jury so found, there was no prejudice to the defendant Cuty in the refusal of the court to grant separate trials. Assuming that the court erred in excluding certain financial reports from evidence when offered by the defendants, it appears that the bulk of such reports was in fact placed in evidence through utilization by defendants' counsel on cross-examination. As to the charge of the "fruits of the crime", the evidence shows that there were a series of deposits by the defendant Rockefeller in her bank account in excess of her salary and the rule of evidence was relevant but its importance was directly proportioned to the amount of the disparity, which in this case was relatively small. Under the circumstances, the charge by the court and the requests by counsel as charged were not prejudicial. Lastly, the supposed reference in summation by the District Attorney to defendants' failure to testify was equivocal at most and there is no showing by appellants that it resulted in prejudice. The other alleged errors we have considered and examined and we find that there is no violation of any constitutional guarantee nor were the substantial rights of the defendants so affected as to require a new trial. (See Code Crim. Pro., § 542; *People* v. *Fisher*, 249 N. Y. 419, 426; *People* v. *Mleczko*, 298 N. Y. 153, 162.) We find it necessary to observe that the brief of the appellant Cuty is rampant with innuendos, suggestions, accusations and his attorney's interpretation of the evidence within and without the record, which procedure is not condoned by this court and is a matter of concern in the proper administration of justice. Judgments affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of LAUREN D. RACHLIN, Appellant, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, et al., Respondents.— *Per Curiam.* Both parties point to subdivision 2 of section 104 of the Election Law as the source of the authority of the Secretary of State to determine the order in which the names of the candidates shall appear. The first part of the subdivision, applying to candidates for public offices and party positions alike, provides that the order shall be determined by lot; and this language and provision constitute the only statutory authority governing the order of names of candidates for nomination to the public office of Delegate to the Constitutional Convention. This provision is followed by the clause which commences " provided, however " and applies only to candidates for party positions. That the next sentence refers only to party conventions is too clear to require discussion. The remaining provisions of subdivision 2 (except the last sentence, which is solely the procedural implementation of the prior substantive provisions) specifically refer to candidates for party positions only. Order appealed from reversed, on the law, and application granted, without costs. Order signed and entered. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## (June 21, 1966)

■ In the Matter of the Claim of ETHEL GORDON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Motion dismissed, without costs, and without prejudice to a motion, pursuant to CPLR 1021, to

dismiss the appeal in the event a motion for substitution is not timely made. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of the Claim of ETHEL GORDON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Motion dismissed, without costs, and without prejudice to a motion, pursuant to CPLR 1021, to dismiss the appeal in the event a motion for substitution is not timely made. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## (June 22, 1966)

■ In the Matter of JOHN G. Dow, Respondent, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Appellant.— Order reversed, on the law, and petition dismissed on the ground that the proceeding was not timely commenced. (Election Law, § 314, subd. 12; L. 1966, ch. 106; *Matter of Hayes* v. *Lomenzo,* 26 A D 2d 596, affd. 17 N Y 2d 933.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## (June 28, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN B. DISPENZA, Appellant.— HERLIHY, J. P. We have examined all of the points (1–4) set forth in the appellant's brief and find them to be either without merit or not a proper subject of the present appeal. Judgment imposed upon resentencing and order denying motion to withdraw the plea of guilty affirmed. Reynolds, Taylor, Aulisi and Staley, Jr., JJ., concur.

■ In the Matter of the Claim of EVELYN HESSEL, Appellant, v. CROSCILL CURTAIN Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Workmen's Compensation Board denying claimant an award of death benefits. On July 9, 1960 decedent committed suicide. Claimant seeks to establish that a work-connected back injury sustained in October, 1958 contributed to the development of a psychosis and that as a result of this psychosis the decedent committed suicide. The sole ground for reversal advanced here is that the evidence mandated the board's finding that decedent was suffering from a causally related psychosis at the time he committed suicide. It is urged that prior to the referral by the board of this issue to an impartial specialist the medical evidence was " ambiguous, uncertain and not definite " and thus did not constitute substantial evidence, and that, therefore, since the impartial specialist found a causally related psychosis and that the decedent committed suicide as a result thereof, the board's decision must be reversed. We cannot agree with this contention. On the instant record the board in the exercise of its fact finding power could reject the testimony of the impartial specialist (*Matter of Schillaci* v. *175 West 12th St. Constr. Corp.,* 21 A D 2d 934) and claimant's witness and properly accept that of the carrier's expert. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK F. McELROY, Appellant.— AULISI, J. Appeal by defendant from an order of the County Court of Albany County which upon reargument denied without a hearing a petition for a writ of error *corum nobis.* Defendant was convicted of murder in the second degree. During his trial certain statements made by defendant and two question and answer statements given to the District Attorney